# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1968

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Alonzo Alvarez-Aguilar, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  November 18, 1999

Filed:   December 21, 1999

_____

Before BEAM and FLOYD R. GIBSON, Circuit Judges, and WELLFORD,[1] District
    Judge.

_____

PER CURIAM.


Alonzo Alvarez-Aguilar was found guilty by a jury of conspiracy to distribute
methamphetamine in violation of 21 U.S.C. § 846 and was sentenced to 121 months

_____

[1]The Honorable Harry W. Wellford, United States Circuit Judge for the Sixth
Circuit, sitting by designation.

in prison.[2]  On appeal, Alvarez-Aguilar argues that:  (1) he was denied a fair trial because the government engaged in prejudicial prosecutorial misconduct by repeatedly referring to and eliciting testimony on information that had been ruled inadmissible by the district court; and  (2) the evidence is insufficient to support his conviction.  We affirm.

This circuit has set forth a two-part test for reversible prosecutorial misconduct: (1) the prosecutor's remarks or conduct must in fact have been improper;  and  (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial.  See United States v. Hernandez, 779 F.2d 456, 458 (8th Cir. 1985).  We have reviewed the record and find no prosecutorial misconduct under the first prong of this test.  Contrary to Alvarez-Aguilar's assertions, the record does not show that the prosecutor made improper remarks during closing or opening arguments.  As to the claim that the prosecutor elicited improper testimony from three officers who testified for the government, the record shows only two instances where two of the officers inadvertently and briefly referred to evidence regarding investigative background information involving Alvarez-Aguilar that the court had deemed inadmissible.  In neither instance, however, was the improper testimony solicited or prompted by the prosecutor's line of questioning.  In fact, the record shows that the prosecutor made every attempt in her questioning to adhere to the parameters set down by the district court.

---

[2]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Having concluded that there was no improper conduct by the prosecutor, we need not consider the issue of prejudice under the second prong of the test. We note, however, that in the first instance Alvarez-Aguilar failed to object to the testimony. The second time, the improper testimony was immediately stricken and was the subject of a curative instruction. In sum, having carefully reviewed the parties' briefs and the record on appeal, we find no error requiring reversal on the ground of prosecutorial misconduct. Our review of the record also shows that there was sufficient evidence to support the jury's verdict. We therefore affirm Alvarez-Aguilar's conviction and sentence. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.